LUTHER C. SPENCER, Appellant *v.* MARY ANN CARR et al., Respondents.

The parents of an infant of six years, made and executed a quit claim deed of certain real estate to her, which was recorded. Subsequently, the parents executed a deed of the same property in trust to the appellant, under which trust he made large advances of money. The mother's name was signed to this deed by the infant (then being about sixteen

years of age), at the request of the mother.—*Held*, that, in the absence of intentional fraud upon her part, the infant would not be estopped by this act from claiming title under her previous deed. (Ch. J., and ALLEN, J., *contra*.)

In the case of a grantee only six years of age, where the grant is beneficial, an acceptance of the deed will be presumed.

(Argued April 20th; decided April 28th, 1871.)

APPEAL from the judgment of the late General Term of the Supreme Court, in the seventh district, affirming the judgment of the Special Term in favor of the defendant.

On the 19th day of July, 1856, Mary Ann Carr was the owner of certain real estate, and on the same day, together with her husband, made and executed a mortgage on the same. The same premises were, November, 1856, by deed, duly recorded, conveyed by the defendants, Mary Ann Carr and her husband, to the infant defendant, Henrietta, then being about six years of age. On or about the 28th day of January, 1867, the said Mary Ann Carr and her husband, executed a deed of the same premises together with other real estate to which they had title, to the plaintiff, in trust, the latter executing back a declaration of trust. Under this trust the plaintiff made large advances of money, and also paid the outstanding mortgage on the premises. Mary Ann Carr's name to this deed was signed, at her request, by the infant defendant, then about sixteen years of age, She, at the time, did not remember the conveyance to her. After all the advances had been made, and the plaintiff had proceeded to close up his trusts, and not before, the fact of the conveyance to her was recalled to her recollection. This action was brought to have her barred from claiming the premises, or that they be sold, and plaintiff's advances repaid him. The court found in favor of the plaintiff, so far as to cancel the discharge of the mortgage, and declare a foreclosure of the same, decreed that the deed of the minor had priority to his conveyance.

*James C. Cochrane*, for the appellant.

*Charles S. Baker*, for the respondent.

By the Court—PECKHAM, J.　It is urged that the infant, Henrietta, under the facts of this case, conveyed her interest in the property, when she signed the name of her mother to the deed, to the plaintiff.　The deed was executed by her father and mother, and conveyed, and assumed to convey, only their interest in the premises.

It is insisted that this was a fraud upon the plaintiff, prac- ticed by Henrietta, and that in equity, her rights are made subject to the plaintiff.　In other words, that she is estopped, by reason of her fraud, from setting up her title as against the plaintiff's claim.

If one obtain money or aid in obtaining it, by falsely representing that another has title to land, when he knows to the contrary, when in fact he, himself, has the title, he will be estopped from setting up his title as against the lender.

The same sound rule of equity is applied to a prior encum- brancer, who witnesses a second encumbrance, knowing its contents, and intentionally suffers the second mortgagee to act in ignorance of the prior mortgage; he is thereby auxili- ary to an act of fraud. (*Brinckerhoff* v. *Lansing*, 4 J. C. R., 70; *Lee* v. *Porter*, 5 id., 272; Fonbl. Eq., 163.)

Fonblanque says: " When a man has a title, and knows of it, stands by and either encourages or does not forbid the purchase, he shall be bound, and all claiming under him; neither shall infancy or coverture be any excuse in such case."

A case is reported in 2 Eq. Ca. Ab., 488, where an infant, over seventeen years of age, had received the full considera- tion for a lease assigned by his guardian, and afterward sought to avoid it, and demised the lands to another, yet equity compelled him to execute the lease or pay back the money, KING, Chancellor, holding, that infants had no privilege to cheat.

Another case of fraud was by an infant, then about twenty years of age, who was employed by his father to raise money upon land, which the father claimed to own in fee, free from encumbrance, and made affidavit to that effect.　The money was obtained, and the infant was active in procuring it and

witnessed the mortgage. After his father's death, the infant set up, as the fact was, that he had a remainder in the land after his father's death, which was all the time known to him, and insisted that the mortgage was not valid against him. The lord chancellor overruled the defence, holding that if an infant be old and cunning enough to contrive and carry on a fraud, in equity, he ought to make satisfaction for it. (2 Eq. Ca., Ab., 515.) See, also, *Savage* v. *Foster* (9 Mod., 35), where the same doctrine is recognized as to a covert, and sustained by the conceded rule applicable to infants. This was the case of a purchase of land by a third person, to which she had a title, and which she did not make known, but concealed.

In *Becket* v. *Cordley* (1 Br. C. R., 353), Lord Chancellor THURLOW recognizes the rule as applicable to infants, where the infant was a party to the fraud; but he very properly repudiates the idea that merely witnessing the second conveyance by the infant is evidence of his knowledge of its contents. (See, also, 1 Story Eq. Jur., §§ 385, 385*a* and 386; *Bright* v. *Boyd*, 1 Story's Rep., 478, 493.)

In most of these cases in reference to infants, the rule is laid down that the infants should be of sufficient age to appreciate their rights and duties. On this subject Chancellor KENT makes some sound observations. (2 Kent, 240, 241, and cases cited.)

The claim of the counsel for the plaintiff is based on the alleged fraud of the defendant. The difficulty is, that no fraud in the infant is found by the trial justice; but her innocence and freedom from fraud are found. We have no power to question this finding, if it were open to question as having no evidence to sustain it, as the testimony is not contained in the record. I should be entirely indisposed to listen to such an excuse from an adult, as that he had forgotten his title; but the facts of this case make it quite rational that she then had no recollection or even knowledge of this deed.

It is also insisted that the plaintiff ought to be allowed the amount paid by the father of the infant upon the mortgage,

HAND—VOL. VI.    52

after his grant of land to the infant. An answer to this is that no such fact is found. *He* may have paid money thereon, but as it is not found that he did, or who paid it, or when, it is unimportant to discuss the law of such a case.

It is also urged that there was no acceptance of the deed by the infant; but this is contrary to the finding that the deed was delivered. A delivery cannot take place without an acceptance. (*Jackson* v. *Phipps*, 12 J. R., 418.) Besides an acceptance will be presumed from the beneficial nature of the grant. (*Jackson* v. *Bodle*, 20 J. R., 184.)

A delivery is found, and no presumption can be entertained to reverse a judgment. No fraud is found against the infant; none can be presumed from the facts found; hence there is no ground for depriving her of her legal rights.

Judgment affirmed, without costs in this court.

GROVER, FOLGER, RAPALLO and ANDREWS, JJ., concur; Chief Judge and ALLEN, J., dissent.

Judgment affirmed.