## THOMAS B. RUNDLE AND ALFRED J. RUNDLE v. JOHN T. SPENCER.

*Equity—Bill to enjoin ejectment suit—Infants—Deed—Estoppel.*

1. On a review of the testimony, the Court affirmed the decree as just between the parties.
2. As a general rule, the doctrine of estoppel should not be predicated upon the acts and conduct of an infant. *Corey v. Burton*, 32 Mich. 32.

Appeal from Menominee. (Grant, J.) Argued, June 15, 1887. Decided October 13, 1887.

Bill to stay proceedings in ejectment. Defendant appeals. Decree affirmed. The facts are stated in the opinion.

*F. J. Trudell (B. J. Brown,* of counsel), for complainants.

*Kruse & Flannigan,* for defendant.

SHERWOOD, J. The bill in this case is filed to stay proceedings in an action of ejectment.

The complainants aver in their bill that one Emile Carriere, on the fifth day of February, 1885, owned a village lot

in the unincorporated village of Iron Mountain, in the county of Menominee, and on that day he conveyed the lot to the defendant. The consideration expressed in the deed was $1,050, only $100 of which was paid when the deed was made, and the rest was secured by mortgage.

Spencer went into possession of the property, and commenced the construction of a large building thereon, and in so doing incurred a large amount of indebtedness, without completing the structure.

From February 6, 1885, to August of that year, the Wisconsin Land & Lumber Company, by its agent, Charles C. Butler, at Iron Mountain, sold to the said Spencer lumber and materials, to the amount of $1,000, which were used in constructing the building. On the second day of June, 1885, Spencer conveyed the premises to Butler.

On the tenth day of August following, the lumber company learned for the first time what had been done by Butler; and, he having used the materials of the company in the building, as well as Spencer, it sent one of its members, by the name of Ebert, to look after the matter. As soon as he ascertained the situation, he at once demanded pay for the lumber obtained of the company of both Spencer and Butler. Spencer then represented himself as being 21 years of age. Both failed to pay the indebtedness to the company; but Butler, with the consent of Spencer, on that day conveyed, for the expressed consideration of $1,520, to Ebert the premises in question. The deed was taken by him for the use and benefit of the lumber company, and was held by him as trustee for the company.

The bill charges as a *fact* that Spencer was 21 years of age at the time of these several transactions.

The bill further avers that, during the time Butler held the title, he expended on the building $486; that on the twenty-seventh day of February, 1886, the said Ebert and wife conveyed the property to the complainants in this case,

by quitclaim deed, for the sum of $913, which was paid, and the complainants at once went into possession, and claim that they are the owners of the fee; that since taking possession they have expended, in completing the construction of the building, the sum of $1,552.98, and that their time and services, in and about completing the same, are worth $200 more, and that it will now cost $1,500 to entirely complete the building.

The bill then avers the commencement of the ejectment suit by Spencer, the defendant, in the Menominee circuit court, and the pendency of the same, and further avers that Spencer, during all the time the complainants have been in possession of the property, has resided in Iron Mountain, and has seen all that complainants did from time to time upon the property, and never made any objection thereto, or any claim to the property; that the defendant, before the commencement of the ejectment suit, neither restored nor offered to restore the consideration paid by complainants to Ebert; and prays for a perpetual injunction against the claims and suit of the defendant.

Defendant's answer admits the conveyances made, except that to Ebert, as stated in the bill, includ ng the mortgage, and that he never paid anything upon the latter, and denies that the lumber company had no knowledge of what Butler did until he deeded the property to it.

Defendant further says and charges that Butler fraudulently obtained his deed of the property from defendant, and then sets out the facts constituting what he claims to be the fraud, and insists that the deed of defendant to Butler was so procured with the knowledge and consent of the lumber company; that his deed to Butler was executed wholly without consideration.

He denies that he was 21 years old when he made his deed to Butler, and avers that he had not then reached that age, and did not until the month of December, after he made the

deed to Butler; that he knows nothing about the deed to Ebert; denies that complainants have expended $1,552.98, or any sum, in completing the building, and, if they did, they expended the same with full knowledge of defendant's rights, as here claimed.

Proofs were taken in the case before Judge Grant, who, after hearing, made a decree enjoining the pending or any other suit at law for the recovery of the premises in question; and it provides further that,—

"Upon the payment by the said defendant to the complainants of the sum of $2,692.90, with interest from the date of this decree, and also the costs of complainants in this cause to be taxed, within 30 days after service of a certified copy of this decree upon the said defendant, or his solicitors in this cause, or either of them, said complainants execute a deed of release and quitclaim to said defendant of said premises, and that in default of such payment said complainants' title to said premises be in all things ratified and confirmed, and that the defendant be forever after barred of all right, title, or interest in and to said premises, or any part thereof."

On a review of the record in this case, we are entirely satisfied that the decree made does justice between these parties, and is quite as favorable to the appellant as the circumstances of the case shown by the record will warrant.

We have no question but that, under the facts as they appear in the testimony, the complainants must be held liable to all the equities existing between the lumber company and Spencer; and that in all that Butler did he must be held as representing the lumber company, so far as the sales of its property were concerned.

We do not think a review of the testimony here necessary in the case. The defendant claims the property in question is worth from $6,500 to $7,000. If his theory of the case is correct, he would be equitably liable for all the court has directed him to pay, as a condition to his retaking title to the property. The equitable rights of the complainants not

only entitled them to the value of the improvements which they put upon the property, but also to the value of those placed upon it by their grantors, if the defendant takes title freed from the mortgage he gave.

We have no doubt but that the case presents questions entirely proper for the consideration of a court of equity, and do not think the case necessarily involves the doctrine of estoppel.

The fact of Spencer's minority when he made the deed to Butler, if such was the fact, and Butler made his to the lumber company, must be taken into consideration, as it undoubtedly was by the learned circuit judge in making his decree. If the defendant was an infant at the time he made his deed, we do not think the decree does him injustice.

As a general rule, at least, the doctrine of estoppel should not be predicated upon the acts and conduct of an infant. *Corey v. Burton,* 32 Mich. 32.

The decree must be affirmed, with costs.

The other Justices concurred.