## Staunton.

### WALTER STALLARD V. G. B. SUTHERLAND, ET ALS.

September 22, 1921.

1. INFANTS—*Contracts—Fraudulent Representation as to Age—Equitable Estoppel—Rescission by Infant.*—In order to charge an infant with equitable estoppel, he must be guilty of something more than a mere failure to disclose his infancy at the time he enters into the contract. If, however, he fraudulently represents that he is of full age, or actively conceals his minority, and the other party is thereby induced to execute the contract, then it is held that the infant will be estopped in equity by his own fraud to avoid the contract, on the ground of infancy, to the prejudice of the other contracting party.

2. INFANTS—*Contracts—Fraudulent Representation as to Age—Equitable Estoppel—Rescission by Infant.*—It may be stated as a well-supported general proposition that, where one who, though an infant, has arrived at years of discretion, and by direct fraud or deception has entrapped another who was ignorant of the facts into waiving valuable property rights, such an infant will be estopped thereafter from relying upon his infancy to avoid such a contract.

3. INFANTS—*Contracts—Equitable Estoppel—Rescission by Infant—Case at Bar.*—In the instant case, the infant falsely represented himself to have attained his majority, his appearance confirmed it, and he was in fact holding himself out to the community as an adult by his conduct in attending to all his business transactions just as an adult would; and in the transaction in question a conveyance of land in trust to secure a debt of his brother, the false statements of his brother and himself were made to induce the creditor to believe that he was of age and forego the collection of his debt by legal process.

   *Held:* That the lower court did not err in dismissing the infant's bill for an annulment of the deed of trust and of a conveyance by the trustee under it.

Appeal from a decree of the Circuit Court of Wise county. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*A. M. Vicars* and *J. M. Quillen, Jr.,* for the appellant.

*Bond & Bruce,* for the appellees.

PRENTIS, J., delivered the opinion of the court.

[1, 3] Walter Stallard, claiming to be an infant, suing by his next friend, instituted his suit, alleging, in substance, that on the 24th day of August, 1914, while still an infant, he was induced to convey a tract of land in Wise county to M. M. Long, trustee, to secure a debt to one J. F. Ford, that no part of the debt was for necessaries, and the most of said debt he did not owe, but that it was for goods bought by his brother, one E. T. Stallard, and that none of such goods or proceeds were then owned by or in the possession of the infant; that the trustee, on the 26th day of June, by authority of the deed of trust, sold the property for $265, and conveyed it to G. B. Sutherland and J. F. Holbrook, two of appellees. The bill prayed for an annulment and vacation both of the deed of trust and of the conveyance made by the trustee to his vendees, and for general relief. Before the case was heard, the infant became twenty-one years of age, and upon his petition was substituted as complainant.

The defendants answered the bill, denying that Walter Stallard was an infant at the time of executing the deed of trust, and alleging in addition that he had for a long time theretofore been engaged in business for himself in his own name, without the aid of either parent or guardian; that he was fully matured and developed mentally and entirely competent and able to transact business for himself; that he was more than twenty-one years of age at the time of the execution of the deed of trust, and that he made

oath to that effect before the notary who took his acknowl-
edgment thereto; and that relying upon these representa-
tions of the said Stallard, the creditor was induced to dis-
miss his action for the recovery of the debt, and to accept
the joint note of the alleged infant and the debtor, secured
by the deed of trust given as security therefor, and omit-
ted any further effort or proceedings to collect or secure
the said debt.

Depositions were taken, and, upon the hearing, the trial
court entered a decree dismissing the bill, from which this
appeal was taken.

The pertinent facts shown by the evidence are, that the
appellant was an infant at the time of the execution of the
deed of trust, having been born February 5, 1895. He was,
therefore, about nineteen and one-half years of age at the
date of the deed of trust, in August, 1914. His father and
mother had moved from that community to Georgia, but
he had returned, was working for himself as a laborer, col-
lecting his wages, depositing his money in bank, writing
his own checks, paying his own board bill, and that he ap-
peared to be twenty-one years of age. The complainant
in his testimony does not deny the allegation that he rep-
resented himself to be twenty-one years of age before and
at the time he executed the deed, but contents himself with
saying that he does not remember whether or not he did
so. The evidence to the contrary is convincing, so that the
determining question is whether or not, under these cir-
cumstances, he can secure the aid of a court of equity in
his effort to repudiate the deed of trust.

Much has been written upon this subject, and the au-
thorities are not in accord upon the precise question which
this record presents. In cases like this, it is proper to re-
member the oft-quoted language of Lord Mansfield, in
*Zouch* v. *Parsons,* 3 Burr 1802, 1 W. Bl. 575: "A third
rule deducible from the nature of the privilege, which is

given as a shield and not as a sword, is that it never shall be turned into an offensive weapon to assist fraud and injustice."

Confining the discussion to the question at issue here— that is, whether an infant thus guilty of fraud and deceit is estopped in equity to reassert his title—the English cases all appear to hold that an infant is thereby estopped. The cases are collected in a note to *Lowery* v. *Cate,* 108 Tenn. 54, 64 S. W. 1068, 91 Am. St. Rep. 744, 57 L. R. A. 685. The American cases are not all consistent, but the weight of authority is in accord with the English rule.

Among the American cases are the following:

*Hayes* v. *Parker,* 41 N. J. Eq. 630, 7 Atl. 511, where an infant, by representing himself of age, secured a settlement with his guardian, and executed a discharge, he was not permitted to compel his guardian to account further. This is said there: "At law * * * he (an infant) is incapable of fraudulent acts which will estop him from interposing the shield of infancy. In equity, however, this rigid rule has its exceptions. Equity will regard the circumstances surrounding the transaction—the appearance of the minor, his intelligence, the character of his representations, the advantage he has gained by the fraudulent representations, and the disadvantage to which the person deceived has been put by him—in determining whether he should be permitted to invoke successfully the plea of infancy.

So, in New York, where in *Blakeslee* v. *Sincepaugh,* 71 Hun. 412, 24 N. Y. Supp. 947, the implication in *Spencer* v. *Carr,* 45 N. Y. 406, 6 Am. Rep. 112, is followed. The infant having stated to the purchaser of the land, of which he was actually the owner, that he had no title to it, it was held that he was estopped to sue in ejectment, because he was "an infant of sufficient age to appreciate his rights and duties."

In *Schmitheimer* v. *Eiseman,* 7 Bush (Ky.) 298, it is held that an infant who conveyed land, falsely representing himself to be of age, cannot have his deed set aside on the ground of infancy.

In *Ferguson* v. *Bobo,* 54 Miss. 121, an infant, with knowledge of her rights, conveyed her land to her father to enable him to borrow money, and her father later conveyed to a mortgagee. She was held estopped to set up her legal title.

In *Goodman* v. *Winter,* 64 Ala. 410, 437, 38 Am. Rep. 13, an infant remainderman was held estopped from repudiation of a sale of land by the life tenant, the infant having received his share of the compensation.

In Ontario, in *Bennetto* v. *Holden,* 21 Grant Ch. (U. C.) 222, it was held that where an infant conveyed land representing herself to be of age, and, after majority, conveyed to others who had knowledge of the earlier grant, she was bound by her misrepresentations.

It appears that in Louisiana an infant is precluded as effectually as an adult, for in *Guidry* v. *Davis,* 6 La. Ann. 90, it is said: "It is an error to suppose that the law can sanction the perpetration of frauds by minors; the truth and reality of *bona fide* transactions are as binding upon them as upon majors."

In *Rundle* v. *Spencer,* 67 Mich. 189, 34 N. W. 548, the court avoided putting the decision upon the ground of equitable estoppel, but awarded an injunction to stay proceedings in an action of ejectment brought by one who had sold the land in question while an infant, putting the decision on the equities of that particular case.

In *Harmon* v. *Smith* (C. C.), 38 Fed. 482, it is said that the doctrine of estoppel does not apply to minors "unless their conduct is intentional and fraudulent."

In the case of *Commander* v. *Brazile,* 88 Miss. 668, 41 So. 497, 9 L. R. A. (N. S.) 1117, it is held that where a

minor who, by false representations that he is of age, aided by his mature appearance, induces another to enter into a contract with him under the belief that he is of full age, of' which he accepts the benefit, he cannot set up his minority in defense of an action upon the contract.

A modern case in which there is quite a discussion of the whole question is *International Land Co.* v. *Marshall,* 22 Okla. 693, 98 Pac. 951, 19 L. R. A. (N. S.) 1056, where it is held that equity will refuse to lend its aid in any manner to one seeking its active interposition who has been guilty of any unlawful or inequitable conduct in the matter with relation to which he seeks relief, and applies the doctrine to an infant who fraudulently represented himself to be over twenty-one years of age, when in fact he was only nineteen years of age, and refused to cancel a deed in the absence of an offer to refund the amount of money so fraudulently obtained.

There are cases to the contrary, and this statement is deduced from the American cases in 14 R. C. L. 241-2: "But where the contract has been executed, and the infant seeks to avoid the title conferred thereby in order to maintain either an action or a defense, the decisions are more conflicting.  According to the appearent weight of authority, his right of avoidance is not lost to him by estoppel based on his false assertions as to his age, but there are well-considered cases to the contrary.  If the infant is obliged to bring an action in equity to obtain a cancellation of the deed in question, or, like equitable relief, the distinctive rule of the equity courts that he who seeks equity must do equity has often been held to prevent his recovery; but even on this point the cases are not entirely uniform.  Of course, to create the estoppel it must be proved that the infant in fact misrepresented his age; that the other party was deceived by the misrepresentations, and that he would not otherwise have made the contract."

The distinction seems to be that, in order to charge the infant with equitable estoppel, he must be guilty of something more than a mere failure to disclose his infancy at the time he enters into the contract. If, however, he fraudulently represents that he is of full age, or actively conceals his minority, and the other party is thereby induced to execute the contract, then it is held that the infant will be estopped in equity by his own fraud to avoid the contract, on the ground of infancy, to the prejudice of the other contracting party. It may be stated as a well-supported general proposition, that where one, who, though an infant, has arrived at years of discretion, and by direct fraud, or deception, has entrapped another who was ignorant of the fact into waiving valuable property rights, such an infant will be estopped thereafter from relying upon his infancy to avoid such a contract. *Williamson* v. *Jones,* 43 W. Va. 563, 27 S. E. 411, 64 Am. St. Rep. 891, 38 L. R. A. 703; note, *Craig* v. *Van Bebber,* 18 Am. St. Rep. 635, 22 Cyc. 512, 548.

The Virginia case of *Mustard* v. *Wohlford,* 15 Gratt. (56 Va.) 329, 76 Am. Dec. 209, is relied upon by the appellant. While there are expressions in that opinion which can be quoted in opposition to the doctrine which we have indicated as here applicable, in that case no element of fraud or falsehood was involved. There the purchaser of the interest of the infant knew that he had no legal right to convey, and accepted the title upon condition that he was to make the purchaser a good deed with general warranty thereafter upon the day when he should attain the age of twenty-one years, and the infant's repudiation of his contract was upheld. The instant case presents an entirely different question. Here the infant falsely represented himself to have attained his majority, his appearance confirmed it, and he was in fact holding himself out to the community by his conduct in attending to all his business transactions just

as an adult would; and, in the transaction in question, the false statements of his brother and himself were made to induce the creditor to believe that he was of age and forego the collection of his debt by legal process.

It was in *Watts* v. *Creswell*, 9 Vin. Abr. 415, that Cowper said: "If an infant is old and cunning enough to contrive and carry on a fraud, in a court of equity he ought to make satisfaction for it." 4 Am. & Eng. Ann. Cas. 536.

In the States of Iowa, Kansas, Utah and Washington, the doctrine to which we give our approval is enforced by statutes, each of which provides that an infant cannot disaffirm his contract "in cases where, on account of the minor's own misrepresentations as to his majority, or from his having engaged in business as an adult, the other party had good reason to believe him (the minor) capable of contracting."

Mr. Pomeroy appears to give his full adherence to this rule, saying: "Since an infant is not directly bound by his ordinary contracts, unless ratified after he becomes of age, so obligations in the nature of contract will not be indirectly enforced against him by means of an estoppel created by his conduct while still a minor. On the other hand, an equitable estoppel arising from his conduct may be interposed, with the same effect as though he were adult, to prevent him from affirmatively asserting a right of property or of contract in contravention of his conduct upon which the other party has relied and been induced to act." And he says this, also: "The incapacity of infants to enter into binding contracts is the same in equity as in law; but such contracts are generally voidable only, and may therefore be ratified after the infant attains his majority. Fraud, however, will prevent the disability of infancy from being made available in equity. If an infant procures an agreement to be made through false and fraudulent representations that he is of age, a court of equity will enforce his

liability as though he were adult, and may cancel a conveyance or executed contract obtained by fraud." 2 Pomeroy's Eq. Jur. (4th Ed.), secs. 815, 945.

In *Rice* v. *Boyer*, 108 Ind. 472, 9 N. E. 420, 58 Am. Rep. 61, it is held that under the Code of Civil Procedure of Indiana, the distinction made in the English cases between suits in equity and actions at law is immaterial, and in an action for deceit against an infant applied the equitable rule, saying that the courts there would not inquire as to the form of the proceeding.

Without prolonging the discussion, it is sufficient to say that we prefer to follow, in this conflict in the American cases, that line which tends to discourage and prevent fraud, and which is in accord with equitable doctrines. This infant, who was managing his own business just like an adult, whose appearance indicated that he had attained his majority, who falsely misrepresented his age, who was intelligent enough to appreciate the fraudulent scheme and in conjunction with his brother to attempt its execution, should not be aided by a court of equity to consummate such fraud.

*Affirmed.*