## CHARLES GUIDRY *v.* DAVIS and COLLINS.

Any contract or engagement entered into by the father during the existence of the community, showing that his apparent title is not a real one, is binding upon the community, and descends to the heirs of the wife, who has not renounced the community, as a burden upon their inheritance, estopping them from disturbing a title derived from the father in execution of such a contract or engagement.

The declaration of a father, made on oath to a family meeting convened for the interests of his minor children, of whom he is tutor, declaring that certain property purchased by him in his name was, in reality, a purchase made on the joint account of himself and another, is a fact admissible in evidence against the children when claiming the whole property ; and when corroborated by other evidence, is sufficient to exempt the possessors of the property from the danger of eviction by the minors.

It is an error to suppose that the law can sanction the perpetration of frauds by minors.

APPEAL from the District Court of Lafourche, *Randall*, J. *J. C.* and *A. Beatty*, for plaintiff. *J. L. Cole*, for defendants. The judgment of the court was pronounced by

PRESTON, J. On the 14th of January, 1847, the plaintiff sold to the defendants a tract of the undivided half of land on the Bayou Lafourche. Among other considerations, the defendant agreed to pay $2000, in March, 1847, and $1000 annually in the months of March, 1848, 1849 and 1850. The sum of $2216 68 of the price being due in April, 1849, the plaintiff, in June, issued an order of seizure and sale against the premises sold, ·for that sum with interest, and for the installment of $1000, to become due on the 1st of April, 1850. The premises were in the joint possession of *Davis* and *Collins*, as planting partners, and they enjoined the sale on the allegation of many informalities in obtaining and executing the order of seizure. The district court on the trial did not con-

sider these grounds for the injunction well founded; and, indeed, they appear to have afforded little foundation for obtaining it.

But an objection having been made by the defendants to their title to the property worthy of serious consideration, the plaintiff has waived his proceeding *via executiva*, and all damages claimed on account of the injunction, and consented that his suit be considered an ordinary suit, to obtain the seizure and sale of the premises sold by him.

The defendants state, as a lawful ground for withholding the price, that on the 11th of February, 1840, at a probate sale of the estate of *Charles Falgout*, the plantation possessed by them was adjudicated to *Leon Falgout*, then a married man; that sometime subsequently his wife died, leaving a numerous offspring, the issue of their marriage, some of them majors and some minors; that by her death the undivided half of the plantation, held until that event in community, was inherited by the children; that notwithstanding their right, *Leon Falgout* averring that the property had been adjudicated to him for himself and *Charles Guidry* their vendor, did, on the 3d of February, 1844, make a conveyance of the undivided moiety thereof to *Guidry*. They allege that the title of the children, especially the minors, was not thereby divested.

In February, 1844, *Leon Falgout* qualified as tutor of his minor children, and had an under-tutor appointed and sworn. He caused a family meeting of his minor children to be convened, to whom he communicated, that the purchase of the plantation, though made in his name alone, was really for himself and *Charles Guidry*; that they became joint owners and possessors of the plantation, and ever since its purchase had cultivated and used it as partners; and asked their recommendation that he should be authorized to make a formal conveyance of his undivided half to *Guidry*. The family meeting, composed of the nearest relatives of the minors, acting under oath, declared to the probate court, that the facts stated by the father and tutor were notorious and well known to them, and advised that the father and tutor should be authorized to make a formal title to *Guidry* of his undivided half of the plantation. It is proper to mention, further, that the children were then of age or married, and joined the family meeting in the declaration which they signed, that the facts stated by their father and tutor were, to their knowledge, true. The husbands of those who were married authorized their wives to make the declaration, and joined in signing it. Thereupon, the probate judge, by a decree, authorized the father and tutor to make the conveyance to *Guidry*, and he accordingly did so by an authentic act.

There are clerical errors pointed out in these proceedings which are immaterial, as a leading object is clearly manifested by the whole; also, omissions of signatures, which are cured by the decree homologating the proceedings of the family meeting, and authorizing the conveyance to *Guidry*.

But taking it for granted that the undivided half of the plantation became the property of the community existing between *Leon Falgout* and his wife, by the adjudication in 1840, and was inherited by her heirs on her death, the counsel of the defendants contend, that there is no law authorizing a family meeting to order such a sale as took place in the present case; that it would be a most dangerous power to entrust to them; and that the laws pointing out the manner of selling minors' property ought to be strictly observed.

The error of this reasoning consists in taking it for granted that the whole plantation belonged to the community which existed between *Falgout* and his wife. As decided in the case of *Hennen* v. *Caldwell*, 5 R. R. 20, any contracts

GUIDRY
*v.*
DAVIS.

or engagements entered into by the father during the existence of the commu-
nity, which are binding upon him, showing that his apparent title is not a real
one, is binding upon the community, and descends to the heirs of the wife as a
necessary burden upon their inheritance, estopping them from disturbing a title
derived from the community.

The only difficulty in the present case would consist in furnishing the proof
necessary to defeat the child, who falsely and fraudulently should endeavor to
fasten fraud and perjury on his father for the purpose of gain. But it is to be
observed, that most of the heirs have acknowledged the truth of the father's
declaration, that half the plantation belonged to *Guidry.* The latter and his
vendees have now been joint possessors of the plantation as owners for ten years.
Our code provides that the verbal disposition of immovable property shall be
good against him who confesses it, when interrogated upon oath, provided actual
delivery has been 'made. The declaration of the father to a family meeting of
his children, under his oath, as their natural tutor, and required by *Guidry* to
perfect his title, is, at least, a fact admissible in evidence against the children
when claiming the property. And in the present case, where the truth of the
declaration was notorious, as declared by the family meeting, under their oath
and signatures, and acknowledged in writing by most of the heirs, there is no
danger that the present or future possessors of the property can ever be evicted
by any of the heirs.

Moreover, as *Guidry* would unquestionably have sued for his formal title if
it had not been acknowledged, it was clearly a case for a compromise on behalf
of the minors, under articles 348, 3038 and 3039 of the code ; and the decree of
the probate court upon the advice of a family meeting, diverting the formal con-
veyance to *Guidry* of half the plantation, was binding upon the minors. It is
an error to suppose that the law can sanction the perpetration of frauds by
minors ; the truth and reality of *bonâ fide* transactions are as binding upon them
as upon majors.

The judgment of the district court, decreeing damages, is reversed ; and it is
adjudged, that the plaintiff recover from the defenant, *George R. Davis*, the
sum of two thousand two hundred and sixteen dollars sixty-eight cents, with
five per cent interest, from the 21st day of April, 1849, until paid, with costs in
the district court ; and that the mortgaged premises described in the act of sale
from *Charles Guidry* to him, dated the 14th of January, 1847, be seized and
sold according to law to satisfy this judgment, with the privilege of vendor and
special mortgagee ; and that the costs of the appeal be paid by the plaintiff.