E. C. KLINCK, APPELLEE, v. DAN REEDER: E. ROLLEN SMITH, APPELLANT.

FILED DECEMBER 21, 1921.    No. 21805.

1. **Infants:** ESTOPPEL IN PAIS. While generally the doctrine of estoppel *in pais* is not applicable to infants, yet where an infant of so mature an age and appearance as makes his statement of being of age plausible, while actually transacting business for himself, makes fraudulent and false representations that he is of age to another for the purpose of transacting business with him, and such other person believes such statements to be true and relies and acts thereon and parts with his property because thereof, the doctrine of estoppel *in pais* will apply, and such infant will not be permitted to set up his minority as a defense to an action to enforce the performance of the contract so entered into.

2. ———: ———. Appellant, who was between 19 and 20 years of age, and was of so mature appearance as to bear out his statement that he was of sufficient age to do business for himself, and had been for some time and was then engaged in business for himself in breaking and plowing land of others with a tractor, went to appellee to buy an additional tractor to be used in his business, which tractor was owned by appellee and in use on his farm. During the pendency of negotiations appellee asked appellant how old he was, and if he was old enough to do business for himself, and appellant represented to appellee that he was of sufficient age to do busines for himself, and had been so doing business for himself for quite awhile, which statements as to his age were false and fraudulent. Appellee relied on such statements as being true, and believed them to be true, and because thereof sold the tractor to him and took his notes for the purchase price thereof. *Held*, that the doctrine of estoppel *in pais* applies, and appellant will not be permitted to defeat recovery on the notes because of his infancy.

APPEAL from the district court for Perkins county: CHARLES E. ELDRED, JUDGE. *Affirmed.*

*Beeler, Crosby & Baskins,* for appellant.

*Hastings & Hastings, contra.*

Heard before LETTON, DEAN and ALDRICH, JJ., CLEMENTS (E. P.) and DILWORTH, District Judges.

DILWORTH, District Judge.

The appellee, E. C. Klinck, instituted this action in the district court for Perkins county, Nebraska, against the appellants, Dan Reeder and E. Rollen Smith, to recover the remainder due on three promissory notes, executed by the defendants in favor of the plaintiff.

One L. O. Pfeiffer, as friend of E. Rollen Smith, applied to the court for the appointment of a guardian *ad litem* for Smith, stating that he was a minor, and the court thereupon duly appointed one John B. Beveridge as such guardian *ad litem.* The guardian *ad litem* filed an amended answer on behalf of said minor, E. Rollen Smith, wherein he admits the signing of the notes set forth in plaintiff's petition, and alleges that he signed said notes jointly with the defendant Dan Reeder; and as a defense alleges that, at the time of signing said notes, he was a minor, and that he would not attain his majority until July 1, 1920, the day the said amended answer was filed; and that said notes were not given in payment for necessaries of life for said defendant, but were in part payment of the purchase price of a certain tractor; that, at the time of the execution of said notes, said Smith and the codefendant Reeder were operating tractors as partners, but that at about two weeks after the execution of said notes said partnership was dissolved, and the said minor defendant disposed of his interest in the machine so purchased of appellee to the defendant Dan Reeder, and that the partnership between the two defendants was dissolved; that the plaintiff had full knowledge of these facts, and of the turning over of

said tractor to said Reeder, and also of the fact that said Reeder traded said tractor for a larger tractor, but that the minor defendant had no interest therein; that, at the time of trading said tractor for the larger tractor, the plaintiff promised to release said minor defendant and take his name from said notes, and that the plaintiff knew all that time that the defendants had made settlement of all their partnership interests, and had full knowledge that the defendant Dan Reeder had assumed the obligation as represented by said notes, and consented thereto.

The plaintiff filed a reply, denying each and every allegation of new matter contained in said amended answer of the defendant, and further alleged that the said minor defendant had for many years been engaged in active business for himself, and had for several years prior to the execution of the notes sued upon transacted business both as an individual and as a full partner of the defendant Dan Reeder; that the consideration for the notes sued upon was a tractor, sold by the plaintiff to the defendants, and that shortly after getting possession of said tractor the defendants disposed of the same and took the proceeds thereof, and have never tendered the plaintiff either the tractor or the proceeds therefor. Later the plaintiff filed an amended reply, in which he alleged, in addition to the facts set forth in his original reply, that at the time of said original transaction, and prior to the exchange of said notes and tractor, the plaintiff asked the said defendant E. Rollen Smith if he was doing business for himself, and that said defendant told the plaintiff that he was doing business for himself and had been for some time past; that said representations were fraudulently made, and were so known by the said E. Rollen Smith at the time, and that plaintiff believed said statements to be true and acted and relied upon said statements so made, and, so relying thereon, sold the defendants the tractor and took their notes therefor; and that said minor defendant E. Rollen Smith, by reason of said false and fraudulent statements so made at the time

Klinck v. Reeder.

of said transaction, believed, acted upon, and relied upon by the plaintiff, is now estopped from asserting or claiming that at the time of the execution of said notes he was a minor under the age of 21 years.

No service was had on the defendant Reeder. The case was dismissed as to him and proceeded against the minor defendant E. Rollen Smith, alone. The case was submitted to the jury, which returned a verdict in favor of the plaintiff and against said minor defendant for the remainder due on said notes.

It is urged that the verdict is not supported by the evidence. While there was a conflict in the evidence upon some of the matters in dispute, yet, from an examination of the record, we consider that the jury were well justified in returning the verdict which it did, and that there was sufficient evidence to support it. The verdict of the jury determined all questions of fact in the case and controversies arising therefrom. This leaves but one question to be determined; that its, whether the minor defendant is estopped from denying his liability.

The appellant relies for a defense almost entirely upon the fact that he was not of age at the time he executed the notes sued upon, and strongly urges that the doctrine of estoppel *in pais* does not apply to infants. This court in 1896 had this question before it, and declared at the time that, under certain conditions, the doctrine of estoppel *in pais* does apply to infants. In the case of *Cobbey v. Buchanan*, 48 Neb. 391, this court said: "Generally the doctrine of estoppel *in pais* is not applicable to infants"—but further declared: "For a representation made by an infant as to his being of age to estop him from asserting infancy as a defense, the representation must have been fraudulently made by the infant and believed in, relied on, and acted upon by the other party; and the facts claimed to constitute such an estoppel must be pleaded."

We think this court very properly declared that the doctrine of estoppel *in pais* applied to infants under the

circumstances as stated. It is a just and reasonable rule, and has been generally recognized by courts in their later decisions. We quote with approval the following from the case of *LaRosa v. Nichols,* 92 N. J. Law, 375, 6 A. L. R. 412:

"Let it be remembered that the contracts of infants are not absolutely void, but only voidable. An illuminating discussion of this question will be found in the opinion of Mr. Justice Stanley, in the supreme court of New Hampshire in *Hall v. Butterfield,* 59 N. H. 354. At page 357 he quotes Lord Mansfield as follows: 'Great inconveniences must arise to others if infants were bound by no act. The law, therefore, at the same time that it protects their imbecility and indiscretion from injury through their own imprudence, enables them to do binding acts for their benefit. * * * A third rule, deducible from the nature of the privilege that is given as a shield and not a sword, is that it never shall be turned into an offensive weapon of fraud or injustice.' * * * As applied to the facts in the case at bar, the law, as I view it, is that if a youth under 21 years of age, by falsely representing himself to be an adult, which he appears to be, for the purpose of inducing another to enter into a contract with him, and thereby, through such representation and appearance, the other party is lead to believe that such infant is an adult, and makes a contract with him, the benefit of which he obtains and retains, then, in a suit on that contract, the minor will not be permitted to set up the privilege of infancy, because by his fraudulent conduct he has estopped himself from so pleading; and this in a court of law as well as in a court of equity."

Another case where the rule is commented upon and approved in very apt language is that of *Commander v. Brazil,* 88 Miss. 668; also in *Grauman, Marx & Cline Co. v. Krienitz,* 142 Wis. 556, and a number of other cases from different states are cited.

It is urged that the representations made by appellant

Klinck v. Reeder.

at the time these obligations were executed did not amount to a false representation as to the age of appellant. While there is some little conflict between appellant and appellee relative to just what was said at the time, we consider that the verdict of the jury determined that controversy.

The trial court submitted the question to the jury in the following instruction:

"The jury are instructed that, if you find from the evidence that at the time plaintiff sold defendants the tractor and took the notes of the defendant sued upon in this action, the defendant Smith falsely represented to this plaintiff that he was of age, and that he was old enough to do business for himself; and if you further find that plaintiff Klinck believed these statements of the defendant Smith, and that he acted and relied upon them in making this transaction, then you are instructed that defendant Smith cannot now claim that he was a minor, and your verdict will be for the plaintiff."

This instruction properly presented the matter to the jury, and the evidence warranted it in returning the verdict it did. At the time appellant made the representation he did as to his age, he was of such mature appearance as to bear out such representation. He was then, and for some time had been, engaged for himself in a line of business necessitating the use of a machine such as he was negotiating for. In a very few days he disposed of the machine so that he could not return it to the original owner in the event he determined to declare the contract of purchase void. The verdict of the jury determined that the representations of age made by appellant were false and fraudulent; that appellee believed such representations to be true, and acted and relied on them in making the transaction; and appellee, having so pleaded, it brings this case clearly within the rule announced by this court in *Cobbey v. Buchanan, supra,* and the doctrine of estoppel *in pais* as applied to infants in the later decisions of the courts.

We find no error in the proceedings in the trial court and the judgment of the district court is

AFFIRMED.