### 15345.  HOOD v. DUREN.

1. While the contract of an infant is declared by the code to be "void except for necessaries," it is the well-settled rule that such a contract is "not void, but voidable, at the election of the infant, when arriving at full age." *Strain* v. *Wright,* 7 *Ga.* 568 (1); *Bell* v. *Swainsboro Fertilizer Co.,* 12 *Ga. App.* 81 (76 S. E. 756), and cases cited; *Clyde* v. *Steger Piano Mfg. Co.,* 22 *Ga. App.* 192 (95 S. E. 734). "The exemption of the infant is a personal privilege" (Civil Code of 1910, § 4234), and his contract is subject to ratification by his retention or enjoyment, after attaining majority, of the consideration received. Civil Code, § 4233.

2. "Presumptions of law are sometimes conclusive, and an averment to the contrary will not be allowed. These are termed estoppels, and are not generally favored. Among these are . . . admissions upon which other parties have acted, either to their own injury or the benefit of the person making the admissions; and similar cases where it would be more unjust and productive of more evil to hear the truth than to forbear the investigation." Civil Code, § 5736. "What one induces another to regard as true is to be treated as the truth between them, if the party who acts has been misled to his damage by the conduct or statements of the other." *American Freehold Land Mortgage Co.* v. *Walker,* 119 *Ga.* 341 (3) (46 S. E. 426). Such estoppels in pais or equitable estoppels, which are primarily negative in their operation against the party making the statement or admission, rather than creative of any new right in the opposite party (*Parks* v. *Simpson,* 124 *Ga.* 523, 524, 52 S. E. 616), under the practice in this State may be asserted in proceedings at law as well as those of equitable nature, and in courts having jurisdiction only of the former. See *Walker* v. *Hill-*

*yer*, 124 *Ga*. 857 (53 S. E. 313) ; *Russell* v. *Turner*, 14 *Ga. App.* 344, 349, 350 (80 S. E. 731) ; *Arnold* v. *Empire Ins. Co.*, 3 *Ga. App.* 685 (4), 707 (60 S. E. 470).

3. A defendant is estopped from exercising his privilege of avoiding a fair and reasonable contract upon the ground of his minority at the time the agreement was made, where it appears that he has received, enjoyed, and consumed its irrestorable benefits; and where it appears that the plaintiff, dealing in good faith, was induced to act to his injury by reason of the false and fraudulent representation of the defendant with respect to his apparent majority; and that, in view of all the surrounding facts and circumstances, the plaintiff was justified in accepting such representation as true, and was free from fault or negligence on his own part, such as a failure to use all ready means of ascertaining the truth touching the defendant's apparent majority.

4. On the disputed issue as to whether the defendant was twenty-one years of age, the plaintiff offered to show, by the testimony of himself and of another witness, the physical appearance of the defendant at the time the note sued on was executed, that they had known the defendant four or five years, that he had been married and living at the head of his family for about four years prior to the execution of the note, that his physical appearance was that of a man well over twenty-one years old, and that, basing their conclusion on these facts, he was in their opinion then over twenty-one years of age. This evidence, which included the facts from which the opinion was formed, was admissible; the weight and probative value being for the jury; and the court erred in excluding it. *Hubbard* v. *Rutherford*, 148 *Ga*. 238 (1) (96 S. E. 327) ; *Dixie Mfg. Co.* v. *Ricks*, 28 *Ga. App.* 160 (1) (110 S. E. 454).

DECIDED DECEMBER 15, 1924.

Complaint; from city court of Thomasville—Judge Hammond. January 17, 1924.

*Clifford E. Hay,* for plaintiff.

*W. W. Alexander, Branch & Snow,* for defendant.

JENKINS, P. J. Something might be said in elaboration of the principle of law contained in the 3d division of the syllabus. It has been laid down as a general rule that "the doctrine of estoppel has no application to infants." 31 Corpus Juris, 1005, § 33. It accordingly appears that in some jurisdictions · the doctrine of estoppel is pais is not permitted to bind minors to an engagement, even though it may appear that the other party to the agreement has been induced to act to his injury by reason of the fraudulent conduct of the minor with reference thereto. There are decisions in jurisdictions in which this general rule is strictly observed which go so far as to apply it even where all the proper elements of estoppel are accompanied by false and fraudulent statements of the minor relating to the fact of minority itself. It appears, on the other

hand, that the courts of numerous jurisdictions have not strictly adhered to the general rule prohibiting the application of the doctrine of estoppel to infants, and from many of these have come rulings to the effect that false and fraudulent misrepresentations by the infant touching his majority will estop him from setting up his disability, where the other party to the contract has acted in good faith to his injury and without fault or negligence on his part. LaRosa v. Nichols, 92 N. J. L. 375 (105 Atl. 201; 6 A. L. R. 412) ; Commander v. Brazile, 88 Miss. 668 (41 So. 497, 9 L. R. A. (N. S.) 1117) ; Ferguson v. Bobo, 54 Miss. 121, 127; Looney v. Elkhorn Land Co., 195 Ky. 198 (242 S. W. 27) ; County Board of Education v. Hensley, 147 Ky. 441 (144 S. W. 63, 42 L. R. A. (N. S.) 643) ; Harseim v. Cohen (Tex. Civ. App.), 25 S. W. 977; Kilgore v. Jordan, 17 Tex. 341, 348; Klinck v. Reeder, 107 Neb. 342 (185 N. W. 1000) ; Cobbey v. Buchanan, 48 Neb. 391 (67 N. W. 176) ; Stallard v. Sutherland, 131 Va. 316 (109 S. E. 568, 18 A. L. R. 516) ; Lewis v. VanCleve, 302 Ill. 413 (134 N. E. 804) ; Davidson v. Young, 38 Ill. 145 ; Prouty v. Edgar, 6 Iowa, 853 ; Adams v. Fite, 3 Baxt. (Tenn.) 69 ; Goodman v. Winter, 64 Ala. 410, 437 (38 Am. Rep. 13) ; Guidry v. Davis, 6 La. Ann. 90.

In this State, whatever diversity of rulings may be found elsewhere, it has been uniformly recognized that the doctrine of estoppel is not altogether inapplicable to infants; but that it may in a proper case be given effect against them. *Whittington* v. *Wright,* 9 *Ga.* 23 (4), 28 ; *Irwin* v. *Morell, Dudley,* 2 *Ga. Dec.* 72 ; *Larkin* v. *City of Darien,* 69 *Ga.* 727 (2), 728 ; *Jones* v. *Cooner,* 137 *Ga.* 681, 683 (74 S. E. 51) ; *Royal* v. *Grant,* 5 *Ga. App.* 643 (2), 646 (63 S. E. 708). In *Harris* v. *Collins, 75 Ga.* 97 (2), 106, it was held that "the law places persons *non sui juris* under disabilities for the purpose of protecting their rights, but not to enable them to invade or assail the rights of others;" and the celebrated dictum of Lord Mansfield in Zouch ex dem. Abbott v. Parsons, 3 Burr. 1794 (97 Eng. Reprint, 1103), that the infant's privilege "is given as a shield, and not as a sword," was approved. See also *Strain* v. *Wright,* 7 *Ga.* 568, 572. Thus, while none of the decisions of our own courts seem to have dealt with the doctrine of estoppel as applied to infants when the fraud practiced related to the fact of infancy itself, as it does in the instant case, yet, since our Supreme Court has uniformly recognized the general principle that

the doctrine can be applied to minors, it would seem that, in a case like the instant one, the reasoning of those courts which recognize the same general rule, and which apply it to a case like this, can with propriety be followed. · Thus, a defendant is estopped from exercising his privilege of avoiding a fair and reasonable contract upon the ground of his minority at the time the agreement was made, where it appears that he has received, enjoyed, and consumed its irrestorable benefits, and where it appears that the plaintiff, dealing in good faith, was induced to act to his injury by reason of the false and fraudulent misrepresentation of the defendant with respect to his apparent majority, and that, in view of all the surrounding facts and circumstances, the plaintiff was justified in accepting such representation as true, and was free from fault or negligence on his own part, such as a failure to use all ready means of ascertaining the truth touching the defendant's apparent majority.

The decision in *McKamy* v. *Cooper,* 81 *Ga.* 679 (1), 680 (8 S. E. 312), relied upon by defendant in error as authority to the contrary, appears to be a ruling upon a question of pleading only. In the instant case the amendment setting up the alleged representation of the defendant touching his majority is pleaded solely by way of estoppel, in order to bar the defense set up by the plea. In the *McKamy* case the amendment "praying equitable relief" had the effect of converting the original action on the contract into a new and independent action for fraud and deceit. The Supreme Court held that such a new cause of action could not be added by amendment, but held the error to have been harmless, since the trial judge instructed the jury that such misrepresentation on the part of the infant would not authorize the plaintiff to recover in the original action. In other words, though the misrepresentations were improperly pleaded and relied upon as sustaining a new and independent cause of action by way of fraud and deceit, the defendant could not complain, since the error was nullified under the instructions of the court. The doctrine of estoppel was not invoked; and the case does not adjudicate whether or not such misrepresentations might authorize its application in a suit against a minor on a contract otherwise voidable.

*Judgment reversed. Stephens and Bell, JJ., concur.*