19097. WATTERS *v.* ARRINGTON, administrator.

Decided February 7, 1929.

*M. B. Eubanks,* for plaintiff.

*Maddox, Matthews & Owens,* for defendant.

Bell, J. Hilliard Watters, a minor, brought suit by another as next friend against H. H. Arrington, as administrator, doing business as Arrington Buick Company, to recover money, which he had paid to the defendant on the purchase of an automobile, under a contract which, because of his minority, he sought to disaffirm. On the trial the jury found for the defendant, and, the plaintiff's motion for a new trial having been overruled, he excepted. The motion contained only the usual general grounds, and the sole question for determination is whether the verdict was authorized by the evidence.

The evidence showed without dispute that the plaintiff was born on January 21, 1908, and that the contract for the purchase of the automobile was made on September 11, 1926, when the plaintiff was under nineteen years of age. On the latter date the plaintiff was living with his mother and father in Rome, Georgia, where the defendant also resided and where the contract was entered into. The plaintiff, however, had for some time been working for Southern Co-operative Foundry Company as a nickel plater, where he drew a wage of from $40 to $50 weekly, which he spent as he pleased, with the exception of a small portion delivered by him regularly to his parents. When he and the defendant first agreed on the purchase and sale of the automobile, he paid down $25; thereafter he paid $175 and executed with the seller a contract by which the title was reserved in the seller until the remainder

of the purchase-price should be paid, in 12 monthly installments of approximately $45 each. This contract contained a number of stipulations with respect to the rights of the parties, including this: "It is further expressly understood and agreed that this writing contains the entire contract between the Arrington Buick Company and the undersigned, the Arrington Buick Company warranting the title only to said property and no other representations, conditions or warranties not herein contained are binding on either party." The plaintiff, after obtaining possession of the car, made several other payments, which, with the cash down, amounted to about $400. He kept and used the car from September 11, 1926, until some time in April, 1927, when it was destroyed by fire while in his possession. The automobile was insured for the benefit of the purchaser and the seller, and a check by the insurance company, payable jointly to them, for $433.34 was collected and applied as follows: $360 was retained by the defendant in satisfaction of the remainder of the purchase-price; $28.83 was paid to another creditor of the plaintiff, and the remainder, $44.51, was received by the plaintiff in cash. The plaintiff testified that at the time of the filing of the suit he did not have that amount of money and could not have restored it.

A. B. Arrington testified: "I am manager of the Arrington Buick Company. My salesman sold this car to Hilliard Watters, I closed the deal up. I closed up the deal. . . At the time Watters came in and closed up this trade my salesman dealt with him and agreed on a price; I handled that matter myself. The car was on the second floor. I took him up and showed it to him. . . After looking over the car and agreeing on the price I closed it up. Watters' appearance at that time, it was late Saturday afternoon, he had evidently gotten off the job; he had on kind of accommodation working clothes; he needed a shave, had the appearance of a hard-working man. I asked him something about his age. He said he was twenty-one, did his own trading, own man. He worked for the Southern Co-operative Foundry, nickel plater. I asked him how he was going to be able to pay this, questioned him; he said he made $50 a week, approximately $200 a month. It was on these representations of his that I made this sale. . . I got $200 cash and four notes paid off. I got $380."

W. C. Smith testified: "In August and September, 1926, I was

salesman for the Arrington Buick Company. I sold this car to Hilliard Watters. In the course of the transactions and negotiations leading up to that sale he did make representations to you [me?] or Mr. Arrington, either as to what his age was. I asked him if he was a man of his own; that's the question I asked him; and he said he was a man of his own, and done all his own trading, his own trading. I did not ask specifically how old he was or twenty-one, I did not ask him. I heard Mr. Arrington ask him. We came around to the office door, and Mr. Arrington said, 'Smith, is that boy twenty-one years of age.' I said, 'He told me he was a man of his own, done his own trading;' and he said, 'You are twenty-one,'; and he said, 'Yes.'"

The plaintiff denied having made any misrepresentations with respect to his age as testified to by the other witnesses.

We think the case is controlled by the decision of this court in *Hood* v. *Duren, 33 Ga. App.* 203 (3) (125 S. E. 787). In that case it was held that a defendant, though a minor, will be "estopped from exercising his privilege of avoiding a fair and reasonable contract upon the ground of his minority at the time the agreement was made, where it appears that he has received, enjoyed, and consumed its irrestorable benefits, and where it appears that the plaintiff, dealing in good faith, was induced to act to his injury by reason of the false and fraudulent misrepresentation of the defendant with respect to his apparent majority, and that, in view of all the surrounding facts and circumstances, the plaintiff was justified in accepting such representation as true, and was free from fault or negligence on his own part, such as a failure to use all ready means of ascertaining the truth touching the defendant's apparent majority."

It can not be said as a matter of law that the defendant was negligent in failing to ascertain the truth as to the plaintiff's age, and, thus, was not justified in relying upon the plaintiff's representations as to his age, although as above stated the plaintiff denied having made such misrepresentations. But his testimony upon this point merely made a jury question, and can not be taken by this court as cause for setting aside the verdict.

Counsel for the plaintiff requests that the decision in *Hood* v. *Duren,* supra, be reviewed and overruled, contending that it is not supported by the authorities cited, and is unsound. It is insisted

that, while in some of the decisions relied on as authority in that case there may have been language which would appear to support the conclusion there reached, such language was, in each instance, a mere dictum, and hence should not have been followed as controlling. However this may be, we think that that decision is in accord with the trend of the Supreme Court decisions, and states the rule correctly. Hence, the request to review and overrule it is denied.

The provision in the contract, that the writing contained the entire agreement, and that representations, conditions, and warranties not embodied therein were not binding upon either party, had reference only to negotiations relating to the subject-matter of the contract, and did not prevent the introduction of testimony touching the plaintiff's alleged representations as to his majority.

We think the evidence supported the verdict, and we will not disturb the judgment refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*