## 25540. CLEMONS *v.* OLSHINE.

DECIDED SEPTEMBER 26, 1936.

*Joe Hill Smith,* for plaintiff in error.
*W. T. Woolf, W. A. McClain,* contra.

JENKINS, P. J. "Olshine Company" sued the defendant on open account for a balance due on the purchase-price of a suit of clothes and a pair of shoes. The defendant pleaded that he was a minor, living with his father; that the father had always furnished him with necessaries; and that he tendered the clothes back to the plaintiff. Exception is taken to the allowance of an amendment filed by the plaintiff, pleading that "Olshine Company" was a partnership composed of two named persons; and that the defendant, at the time when he made the contract for the merchandise, represented to the plaintiffs that he was more than twenty-one years old. The bill of particulars showed that, since the purchase in October, 1934, to the time of the suit in August, 1935, the defendant had made twelve payments. The testimony of the defendant and his father was that he was nineteen years old at the time of the trial in September, 1935, and eighteen when he bought the goods; that when he bought the suit and found that it did not fit, he returned it to the plaintiffs; that after making alterations, they sent it back to him; that he tendered it back to their collector the following week; that the suit had been dry-cleaned several times, and eight laundry marks were visible on the

suit; that he would pay for it if it would fit; that the defendant turned his wages over to his father, who used them and his own wages to purchase necessaries, including clothing, for the defendant and the rest of the family. The plaintiffs introduced the written contract containing a representation by the defendant that he was twenty-one years old, and another contract in which the agreed amount had been paid by the defendant. A witness for the plaintiffs testified that the defendant represented to her, when he bought the goods, that he was twenty-one years old; that credit was extended to him upon this representation; but that the plaintiffs had not investigated as to its truth, and had not obtained the father's consent to the sale to the defendant. There was no testimony indicating that the plaintiffs had any information or data, from the appearance of the defendant or otherwise, that his written and oral representation was untrue; or that the suit was tendered to the plaintiffs at the time of the trial; or that the shoes had ever been tendered back to them at any time. The judge of the municipal court, without a jury, found for the plaintiffs, and denied the defendant's motion for a new trial. The appellate division affirmed the judgment, and the defendant excepted.

■ Where a petition is brought in a name or names which import a corporation or partnership, and not an artificial name which imports neither, it is amendable so as to allege the true nature of the plaintiff or plaintiffs. *Western & Atlantic R. Co.* v. *Dalton Marble Works*, 122 *Ga.* 774 (50 S. E. 978); *Perkins Co.* v. *Shewmake*, 119 *Ga.* 617 (46 S. E. 832); *Free Gift Society* v. *Edwards*, 163 *Ga.* 857 (4), 866 (137 S. E. 382); *Town of East Rome* v. *City of Rome*, 129 *Ga.* 290 (3, 4) (58 S. E. 854); *Wilson* v. *Sprague Mowing Machine Co.*, 55 *Ga.* 672, 674; *St. Cecilia's Academy* v. *Hardin*, 78 *Ga.* 39, 41 (3 S. E. 305); *Dunn & McCarthy Inc.* v. *Pinkston*, 47 *Ga. App.* 514 (2) (170 S. E. 922); *Stephens* v. *Bibb Investment Co.*, 54 *Ga. App.* 321 (187 S. E. 709). Therefore the court did not err in allowing the amendment, setting forth that "Olshine Company," in whose name the suit was brought, constituted a partnership composed of two named partners.

■ "While the contract of an infant is declared by the Code to be 'void except for necessaries,' it is the well-settled rule that such a contract is 'not void, but voidable, at the election of the infant, when arriving at full age.'" "A defendant is estopped from exer-

cising his privilege of avoiding a fair and reasonable contract upon the ground of his minority at the time the agreement was made, where it appears that he has received, enjoyed, and consumed its irrestorable benefits; and where it appears that the plaintiff, dealing in good faith, was induced to act to his injury by reason of the false and fraudulent representation of the defendant with respect to his apparent majority; and that, in view of all the surrounding facts and circumstances, the plaintiff was justified in accepting such representation as true, and was free from fault or negligence on his own part, such as a failure to use all ready means of ascertaining the truth touching the defendant's apparent majority." *Hood* v. *Duren,* 33 *Ga. App.* 203 (125 S. E. 787). It would be manifest that the decision in the *Hood* case would control the case here presented, as to the liability of the infant defendant, since it was shown that the plaintiffs sold the goods to the defendant upon faith of his representation that he was twenty-one years of age, and that the infant had received and used the consideration and benefits of the contract to the injury of the plaintiffs, except that the evidence showed the plaintiffs had not made any investigation as to the truth of the representation. As was said in the *Hood* opinion: "In this State, whatever diversity of rulings may be found elsewhere, it has been uniformly recognized that the doctrine of estoppel is not altogether inapplicable to infants; but that it may in a proper case be given effect against them." *McCamy* v. *Cooper,* 81 *Ga.* 679, 680 (8 S. E. 312), was distinguished as a ruling upon pleading only, since there the defendant had sought to plead a new cause of action, and to convert the original action on the contract into a new and independent action for fraud and deceit, and pray for equitable relief; and since there "the doctrine of estoppel was not invoked, and the case does not adjudicate whether or not such misrepresentation might authorize its application in a suit against a minor on a contract otherwise voidable."

In addition to the Supreme Court cases cited in the *Hood* opinion, the application of the principle of estoppel to minors as well as married women in cases of fraud and deceit was recognized in *Wolff & Happ* v. *Hawes,* 105 *Ga.* 153, 158 (31 S. E. 425), where it was said: "Even minors may be estopped by their admissions from denying the truth of them, or by their silence when the

circumstances call for a disclosure of their claims or their rights, provided the minor has arrived at those years of discretion when a fraudulent intent could. be reasonably imputed to him." In *Jones* v. *Cooner,* 137 *Ga.* 681, 683 (74 S. E. 51), the Supreme Court said: "Estoppels do not apply to or affect infants, except in cases where an infant's fraudulent act or representation is made with a view to deceive or defraud." In *Wootten* v. *Braswell,* 48 *Ga. App.* 312 (172 S. E. 679), where the defendant, claiming in her defense to be a married woman, had represented to the creditor and the levying officer that she was a widow when she signed as surety the dissolution bond in an attachment case, the equal applicability of the rule of estoppels in pais to minors who have arrived at years of discretion, as well as to married women, in cases of fraud, was recognized; although in that case the misrepresentation was as to the fact of coverture, and in the instant case as to the fact of majority. In both cases the representation related to the alleged disability itself, which it was claimed rendered the contract voidable. The Supreme Court in *Whittington* v. *Wright,* 9 *Ga.* 23 (4), held that where an infant merely stands by and suffers his property to be sold at a sheriff's sale, without disclosing his title, "he can not afterwards set up his claim," and "in such case, even infancy would be no protection, provided the minor has arrived at those years of discretion when a fraudulent intent could be reasonably imputed to him." There are jurisdictions where a distinction has been drawn between this type of estoppel and where the estoppel is a misrepresentation as to the fact of majority itself. 31 C. J. 1005, §§ 33, 35. But there would seem to be no logical basis or rule of law for such a distinction, and it has not been recognized in this State. Where all of the elements of estoppel on account of a statement constituting fraud or deceit exist, the question then is, as stated in the *Hawes* and *Wright* cases, whether "the minor has arrived at those years of discretion when a fraudulent intent could be reasonably imputed to him." The rule of discretion is thus made analogous to situations where it is sought to hold a minor responsible for a tort or crime involving fraud, and his capacity for conceiving or executing a fraudulent intent is to be determined.

The Code, § 105-1806, declares that "infancy is no defense to

an action for a tort, provided the defendant has arrived at those years of discretion and accountability prescribed by this Code for criminal offenses." With regard to criminal responsibility, "a person shall be considered of sound mind who is neither an idiot, a lunatic, nor afflicted with insanity, and who has *arrived at the age of 14 years,* or before that age if such person know the distinction between good and evil." § 26-301. But "an infant under the age of 10 years, whose tender age renders it improbable that he should be impressed with a proper sense of moral obligation, or be possessed of sufficient capacity deliberately to have committed the offense, shall not be considered or found guilty of any crime or misdemeanor." § 26-302. These sections have been applied to indictments of minors for fraudulent practices. In *Anthony* v. *State,* 126 *Ga.* 632 (55 S. E. 479), a conviction was affirmed against a minor, charged with fraudulent practices with regard to a contract of service, even though the contract itself was not civilly enforceable. The question as to the age of criminal responsibility in a crime involving fraud was fully considered in *Vinson* v. *State,* 124 *Ga.* 19 (2), 21 (52 S. E. 79), where it was said: "A minor who has arrived at the age of criminal responsibility is as capable of committing a fraud as one of full age. If a voidable contract was used as a means of perpetrating a fraud and committing a criminal offense, the person making the contract would be none the less criminally responsibile. . . It appeared that the defendant was about eighteen years of age when the offense was committed. He was therefore of an age when he was responsible for a crime." In the instant case also the defendant was eighteen years of age when he made the representation to the plaintiffs that he had reached his majority; and being capable, under the rules stated, of conceiving and executing a fraudulent intent, he was also legally capable of committing the undisputed fraudulent act of misrepresenting his age and causing the credit to be extended to him. He received the goods and continued to use them, to the injury of the plaintiffs. All of the elements of an estoppel in pais were thus present, with legal accountability therefor. It was unnecessary for the plaintiffs to go further and prove that they made an independent investigation as to the age of the defendant, where no fact or circumstance appears in the evidence, such as the very youthful

appearance of the defendant, to throw some doubt or suspicion on the truthfulness of the representation, and thus prevent them from relying wholly thereon, but charge them with the duty of making an additional investigation. The municipal court did not err in finding for the plaintiffs, and the appellate division properly affirmed the judgment.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*