## 28290. WOODALL v. GRANT & COMPANY.

[blacked out]

DECIDED MAY 13, 1940.

[blacked out]

*Walter A. Sims, Ralph G. Sims,* for plaintiff.
*Woodruff & Ward, Douglas Dennis,* for defendant.

FELTON, J. Henry W. Woodall, by Mrs. Lillian Woodall, next friend, sued Grant & Co. for $207.50, alleging that the defendant was engaged in the business of selling stocks and bonds, and sold to the plaintiff an option to buy 100 shares of the stock of a corporation, which option expires January 22, 1941; that the contract was void, because he was a minor at the time it was executed; and that he had made a continuing tender of the identical certificate he had received from the defendant. The trial judge found for the defendant. The appellate division of the civil court of Fulton County affirmed the judgment, and Woodall excepted.

The evidence showed that the minor plaintiff was required to sign a customer's contract before he was permitted to make any further contracts with the defendant brokerage concern. In this brokerage contract Woodall represented that he was an adult, but the uncontradicted evidence was that he did not read it. The brokerage contract was a part of the transaction under review, and the case is to be treated as if the representation was in the contract of purchase. It is well settled that an infant can not be estopped by fraud which is a part of the contract by which one seeks to bind him. To hold otherwise would be to enforce the contract which the law permits the minor to avoid; it would convert a representation into a warranty, and be equivalent to holding that the fraud itself was an undertaking, or warranty. If the customer's contract could be said to be a separate contract, the representation therein, under the circumstances of this case, could not be said to have been an actual fraud, because the minor did not read the contract and his representation amounted to no more than a failure to state his

582

age. The law imposes no duty on a minor to read a contract, and does not attach to his failure to do so the consequences it attaches to an adult's failure. If it did, and bound him by his representations, the safeguards with which it seeks to surround him would be exceedingly weakened, and could in every case of a written contract be completely nullified. The decisions in *Clemons* v. *Olshine,* 54 *Ga. App.* 290 (187 S. E. 711), and *Watters* v. *Arrington,* 39 *Ga. App.* 275 (146 S. E. 773), are not to the contrary because in those cases there was evidence of the false representations which did not come from the contracts themselves. See the annotation in 67 A. L. R. 1264, and 1 Cooley on Torts, 4th ed., 194, § 66. The minor in this case tendered back the very thing he received, the value of which had not been changed by any act or omission of his. The appellate division erred in affirming the judgment of the trial judge finding for the defendant.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*