## 29044. SIEGELSTEIN *v.* FENNER & BEANE.

DECIDED DECEMBER 5, 1941.

*Dillon & Rose,* for plaintiff.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin,* for defendant.

STEPHENS, P. J.   M. J. Siegelstein brought suit against Fenner & Beane alleging in the petition that the defendants were stock brokers buying and selling securities on the New York Stock Exchange and having an office in Atlanta; that he commenced trading with them at their Atlanta office on January 4, 1938, when he deposited with them $1600 to be used in dealing on margin, and thereafter until May 20, 1938, made further deposits, and buying on margin various stocks; that a list showing his dealings on margin was attached to the petition, and there was also attached a statement furnished to him by the defendants showing the details of the dealings between them; that on January 4, 1938, he was an

infant nineteen years of age; that on or about November 5, 1938, then being an infant, he notified the defendants that he rescinded his agreement as to the investment of his money and demanded repayment of the money deposited with them. The defendants filed an answer denying all the allegations of the petition except the one which alleged that they were engaged in the business of stock brokers and had an office in Atlanta. These allegations were admitted. For further answer the defendants alleged that on or about January 4, 1938, the plaintiff and the defendants entered into a written contract which was attached to the answer, by which the plaintiff employed the defendants to act as his brokers in the purchase and sale of securities; that in all the transactions as set out in the petition the defendants acted only as brokers or agents for the plaintiff, purchasing securities from others and selling securities to others as directed by the plaintiff; that none of the sums paid to the defendants by the plaintiff were retained by them but were paid out as directed by the plaintiff, with the exception of commissions retained by the defendants as compensation for their services; that at and about the time when the contract was entered into, and at various times previous thereto and during the period of the defendant's employment, the plaintiff, in order to induce the defendants to act as the plaintiff's brokers and transact business for him under the contract, represented to the defendants' agent that he was over the age of twenty-one; that at the time the misrepresentations were made the plaintiff appeared to be a man more than twenty-one years of age, and the defendants, reasonably and justifiably relying upon the plaintiff's representations, entered into his employ and transacted business for him in good faith under the contract; that "the charges made by the defendants for their services were fair and reasonable, and the plaintiff has received and enjoyed the irrestorable benefits of his contract with the defendants;" that at the inception of their employment and previous thereto the plaintiff maintained banking and brokerage accounts, "and was engaging in trade and business as an adult with the consent of his parents;" that "a portion of plaintiff's trade or business was the purchase and sale of securities for his own account," and in order to carry on his trade or business he employed the defendants as his brokers or agents and procured the execution of the various transactions set out by him. The plaintiff's demurrer to the answer was overruled

and he excepted. The jury found for the defendants. The plaintiff made a motion for new trial on the general grounds and on several special grounds. The court overruled the motion and the plaintiff excepted. No insistence is made on the assignment of error on the judgment overruling the demurrer to the answer.

The evidence and reasonable deductions therefrom disclose the following: A young man nineteen years of age from Cleveland, Ohio, had been given $1600 by his grandmother, who was also his guardian, presumably that he might come to Atlanta and pursue a course of study at the Georgia School of Technology. Before he left Cleveland he had a transaction with Fenner & Beane, who were stock and bond brokers, in which he bought outright some shares of stock and had sold them at some profit to himself. On the occasion of buying this stock the plaintiff, in response to a question of one of the agents of Fenner & Beane, stated that he was beyond the age of twenty-one years. After coming to Atlanta the plaintiff opened an account with the Atlanta office of Fenner & Beane by depositing $1600 with them, and within two or three days he began to purchase stocks through these brokers. Subsequently to this time he deposited other sums in response to calls for margin, while he traded on for several months, making in some cases a small profit, and finally winding up the account with all his money gone except $96 which Fenner & Beane paid him in closing the account. When he came to open the account with the Atlanta office he did not make any statement as to his age. After the account had been running a while the plaintiff made application to Fenner & Beane for employment with them, and at the time stated that he was over twenty-one years of age. There was no evidence that the alleged misrepresentations made to the Cleveland office were communicated to the Atlanta office. But the plaintiff had given as reference the Cleveland office and an Atlanta bank. What information the Cleveland office gave to the Atlanta office is not disclosed. The plaintiff had represented himself as over twenty-one when he applied to the State for a driver's license, but this, so far as appears, was unknown to the defendants at the time of their transactions with the plaintiff. These transactions were disaffirmed by the plaintiff shortly after he became of age.

■ The first special ground of the motion for new trial complains of the admission in evidence of the entire testimony of Harry

J. Kleinman, who was the manager of Fenner & Beane at their Cleveland, Ohio, office. It was not shown that anything that occurred between Kleinman and the plaintiff in Cleveland in June, 1937, was communicated to the Atlanta office of Fenner & Beane. The transactions between the plaintiff and the defendants at the Atlanta office were had under a separate contract from the one in Cleveland. The objection to the testimony of Kleinman should have been sustained, and it was error for the court to admit the testimony as complained of in ground 1 of the amended motion. It is the general rule that, where evidence is objected to as a whole and no part of it is specifically pointed out, the objection should be overruled if any part is admissible; but if all of it is objectionable it should all be excluded, as was true in this particular instance.

■ The court instructed the jury that if the defendants acted only as brokers or agents for the plaintiff, he could not recover any sums which were paid by the defendants to third persons in accordance with his instructions. This instruction is excepted to. At common law powers of attorney and agencies of all sorts were among those contracts of an infant which were absolutely void, the reason being that the infant could not impart a power which he did not himself possess, that is, of doing valid acts. 1 Minor's Institutes, 527; Tucker v. Moreland, 1 Am. L. C. 304, notes. In this case the minor, after coming of age, disaffirmed all transactions he had had with the brokerage firm. No authority has been cited to show that a contract of agency or the acts of an agent are any more binding on the minor than other contracts. The charge complained of was erroneous.

■ It was not error to refuse the instruction set out in ground 3 of the motion. It is true that false representation of his age on the part of the minor will not affect his power to disaffirm a contract unless it was made fraudulently. If the word "maliciously" had been omitted from the request to charge a different question would be presented.

■ The charge complained of in ground 4 was as follows: "The law of Georgia provides that if an infant, by permission of his parent or guardian, or by permission of law, practices any profession, or trade, or engages in any business as an adult, he shall be bound for all contracts connected with such profession, trade, or

business." This instruction was erroneous, because there was no evidence whatever of any consent by parent or guardian to the minor engaging in any business, and no evidence that he engaged in any business of which the business transacted in the present case was a part. He simply speculated in stocks. The evidence showed that both parents of the minor died in his infancy, and no consent by his guardian grandmother was shown.

■ Grounds 5, 6, 7, and 8 of the motion, which assert that the court erred by omitting to charge as to certain contentions of the plaintiff, can not be sustained for the reason that there was no request to charge the principles contended for.

■ Ground 9 alleges that it does not appear from the evidence that the plaintiff knowingly and intentionally perpetrated a fraud on the defendants, nor did he have any malicious intent, and therefore he could not be estopped from setting up his infancy. It has been several times decided by this court that a minor may under certain circumstances be estopped to avoid a contract which was induced by a false representation as to his age. *Hood* v. *Duren,* 33 *Ga. App.* 203 (125 S. E. 787); *Walters* v. *Arrington,* 39 *Ga. App.* 275 (146 S. E. 773); *Clemons* v. *Olshine,* 54 *Ga. App.* 290 (187 S. E. 711). *Woodall* v. *Grant,* 62 *Ga. App.* 581 (9 S. E. 2d, 95), is in some respects different from the case at bar. It was there held that the minor could, because of minority, avoid a contract to purchase an option from a brokerage concern, although he had signed without reading a statement that he was of age. In the first of these decisions it is pointed out that in some jurisdictions it is a general rule that the doctrine of estoppel has no application to infants, but in this State "the doctrine of estoppel is not altogether inapplicable to infants; but that it may in a proper case be given effect against them." Ground 9 of the motion does not set out any specific allegation of error, and properly merges with the general grounds of the motion. Whether the evidence was insufficient to support the verdict is not now decided. The court erred in overruling the motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*