35727.   CARNEY, by Next Friend, *v.* SOUTHLAND LOAN COMPANY, INC.

DECIDED JUNE 15, 1955—ADHERED TO ON REHEARING JULY 26, 1955.

560

*Marvin O'Neal, Jr., John Tyler,* for plaintiff in error.

*Troutman, Sams, Schroder & Lockerman, Tench C. Coxe,* contra.

GARDNER, P. J. The contract under which Carney made the payments which he seeks to recover in his action is the same contract upon which Southland Loan Company is seeking to recover an unpaid balance in its cross-action. The gist of Carney's action is that he, as a minor, is entitled to repudiate the contract under

the provisions of Code § 20-201 and to recover the payments made under the contract, as the automobile covered by the contract has been returned to Southland. The gist of Southland's answer and cross-action is that it does not owe Carney the payments which he made under the contract as he was not a minor at the time of its execution, and that Southland is entitled to recover the unpaid balance due under its valid contract with Carney. It was on these issues that the case went to trial.

On the trial it appeared from the evidence without dispute that Carney was in fact a minor at the time of the execution of the contract and that the automobile had been repossessed by Southland. Nothing more appearing, he would have been entitled as a matter of right to repudiate the contract, during his minority or within a reasonable time after reaching his majority, and to recover the payments which he had made under the contract. *Gonackey* v. *General Accident, Fire &c. Corp.,* 6 *Ga. App.* 381 (65 S. E. 53), and citations.

In support of its answer and cross-action, however, Southland introduced evidence showing that Carney, although he was in fact only nineteen years of age at the time of the execution of the contract, was a young man who was married and a father, and to all appearances had reached his majority. Southland also introduced evidence that when Carney made application to Southland for the loan covered by the contract, an application form was filled in by Southland's agent from information furnished by Carney and signed by Carney and that Carney fraudulently misstated his age to Southland's agent as twenty-two. There was also evidence from which it was inferable that the automobile was worth at least $1,210, the amount of the loan, at the time of the execution of the contract, and worth only $125, the amount for which it was sold, at the time it was repossessed by Southland.

While ordinarily waivers and estoppels are not imputable to infants, an estoppel in pais based on fraud and deceit will be imputed to an infant who has reached the age of discretion. *Brown* v. *Anderson,* 186 *Ga.* 220 (1) (197 S. E. 761), and citations. And, while generally a defendant who has failed to plead the defense of estoppel specially, can not be given the benefit of such defense even where evidence establishing the estoppel has been introduced without objection (*Henry & Hutchinson, Inc.* v. *Slack,*

91 *Ga. App.* 353, 85 S. E. 2d 620, and citations), this rule does not apply where *the plaintiff,* without pleading estoppel, relies upon estoppel to defeat a defense raised by the defendant in his answer. *Brown* v. *Globe & Rutgers Fire Ins. Co.,* 161 *Ga.* 849 (133 S. E. 260), and citations; *Metropolitan Life Ins. Co.* v. *Bugg,* 48 *Ga. App.* 363 (172 S. E. 829) ; *Central of Georgia Ry. Co.* v. *Tankersley,* 133 *Ga.* 153 (65 S. E. 367). While Southland did not especially plead estoppel in its answer to Carney's action and would not be entitled to the benefit of that defense to defeat Carney's action, in its cross-action, Southland as plaintiff, was entitled to the benefit of estoppel, if proved, to defeat Carney's defense of minority.

In *Hood* v. *Duren,* 33 *Ga. App.* 203 (3) (125 S. E. 787), this court held: "A defendant is estopped from exercising his privilege of avoiding a fair and reasonable contract upon the ground of his minority at the time the agreement was made, where it appears that he has received, enjoyed and consumed its irrestorable benefits; and where it appears that the plaintiff, dealing in good faith, was induced to act to his injury by reason of the false and fraudulent representation of the defendant with respect to his apparent majority, and that, in view of all the surrounding facts and circumstances, the plaintiff was justified in accepting such representation as true, and was free from fault or negligence on his own part, such as a failure to use all ready means of ascertaining the truth touching the defendant's apparent majority." See also *Watters* v. *Arrington,* 39 *Ga. App.* 275 (146 S. E. 773) ; *Clemons* v. *Olshine,* 54 *Ga. App.* 290 (187 S. E. 711) ; *Brown* v. *Anderson,* supra. Under an application of this rule to the facts of the instant case, the trial court, sitting as judge and jury, was authorized to find that Carney was guilty of fraud and estopped to repudiate his contract and that consequently he could not recover on his action, and that Southland was entitled to recover on its cross-action brought on the contract for the unpaid balance under the contract.

The case of *Woodall* v. *Grant & Co.,* 62 *Ga. App.* 581 (9 S. E. 2d 95), upon which Carney relies so strongly, contains no ruling in conflict with the ruling made here. In that case, the minor's only sin, if any, was his failure to read a contract which he signed and which stated that he was of age, while in the present case the

minor falsely gave the information put into the contract that he was twenty-two years of age.

The evidence authorized the verdict and the trial court did not err in overruling the motion for a new trial, based solely on the general grounds.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*