44097.   JONES v. THE STATE.

SUBMITTED JANUARY 8, 1969—DECIDED JANUARY 27, 1969.

*Kravitch & Hendrix, Aaron Kravitch,* for appellant.

*Andrew J. Ryan, Jr., Solicitor General, Andrew J. Ryan, III,* for appellee.

DEEN, Judge. The evidence before us demands a finding that this defendant was 16 years old, that the confession was voluntary, that he fully understood he was entitled to counsel while being interrogated, that he knowingly and with full understanding of his rights consented to examination in the absence of counsel, and that he has at no time since signified any desire to withdraw the waiver of counsel made prior to the confession. Our path is therefore somewhat clearer than it might have been, for we are called on to decide no more than whether, as a matter of law, a defendant under the age of 21 years with full understanding of his rights and who does not wish to have an attorney present must nevertheless be provided with one before questioning can proceed. We know of no court which has gone this far. It may be begging the question to make a distinction between cases in which a minor, having waived his right to counsel later seeks to withdraw the waiver, and a case such as this which merely contends that no waiver is possible. In Georgia, a minor is generally under a disability to contract, but the contract is not ipso facto void and the option to disaffirm is personal to him. *Code Ann.* § 20-201; *Hood v. Duren,* 33 Ga. App. 203 (1) (125 SE 787). See also Nieves v. United States, 280 FSupp. 994, 1003, in which the standards as to

waiver by an infant were equated with those applicable to an adult. The basic test of due process is nevertheless conditioned by many circumstances, one of them being the "significant penalty" test (see Winters v. Beck, 281 FSupp. 793, 800), one being the "full understanding" test (see *Strickland v. State,* 199 Ga. 792 (35 SE2d 463)), and others being the age and intelligence level of the defendant, whether or not this is a first offense, his literacy, education and experience, what defenses might have been available to him except for the waiver, any evidence of pressure by the court, its officers, his family, etc., and evidence of undue speed in disposing of the case. An excellent discussion of these factors in regard to waiver of right to counsel by minors will be found in 71 ALR2d Anno., p. 1160 et seq. Nothing therein suggests that the right to counsel *cannot* be waived, and In Re Gault, 387 U. S. 1 (87 SC 1428, 18 LE2d 527), which is primarily relied upon by the appellant and which deals at length with the right to counsel (but not its possible waiver) in a juvenile court proceeding, centers its attack by saying: "The essential difference between Gerald's [Gault's] case and a normal criminal case is that safeguards available to adults were discarded in Gerald's case." P. 29. Where the defendant in Georgia is over 14 years he is *capax doli. Code* § 26-301. While our juvenile court jurisdiction embraces all minors under the age of 17 (*Code Ann.* § 24-2408), it will be noted both that this cannot deprive the superior courts of this State of their Constitutional felony jurisdiction (*Whitman v. State,* 96 Ga. App. 730 (101 SE2d 621)) and that this defendant was in fact 17 years of age when brought to trial, although 16 at the time the waiver of counsel during interrogation was executed. The State established *prima facie* that the waivers, both oral and written, were made intelligently and with full realization of the defendant's rights, and there is certainly a burden upon the defendant at this point to come forward with some evidence to the contrary if he wishes to contend that the waiver is void for any reason. Infancy alone is not sufficient under the standards laid down by Gault.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*